UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OSCAR SMITH, JR., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )    No. 3:07 CV 0287 |
| | ) |
| E. KRUPER, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## OPINION AND ORDER

Plaintiff Oscar Smith, a prisoner confined at the Westville Control Unit, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Indiana State Prison officials were deliberately indifferent to his safety, and failed to protect him from being attacked and injured by another inmate. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983 . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than

what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s
requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

According to the complaint, when he arrived at the facility, plaintiff complained to Correctional Lieutenant Kruper that other inmates at the facility posed a threat to him. But instead of assisting plaintiff, Lieutenant Kruper called him a "snitch" and a

2

"checkin" in front of other inmates. Later, plaintiff made a formal request for protective custody, which officials denied because he was in a segregation unit. Shortly afterward, during recreation, inmate Matthew Thompson stabbed plaintiff several times.

Plaintiff alleges that defendants were deliberately indifferent to his safety and security in violation of the Eighth Amendment. In this context, a violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Because deliberate indifference is comparable to criminal recklessness, *Farmer*, 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (*citing McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994) (quoting *Farmer*, 511 U.S. at 837-838).

"FED. R. CIV. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Giving plaintiff the benefit of the inferences to which he is entitled at the

3

pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim that defendants were deliberately indifferent to his safety.

Plaintiff also alleges that on one occasion he was moved to a cell that had no mattress or toliet paper, and that he "was made to endure that situation from 8 a.m. to 3 p.m. before his property and a mattress was brought to him." (Complaint at 4.) Being without a mattress, toilet paper, and his personal property for seven hours during the day, however, is not a sufficiently serious injury as to deprive the prisoner of the minimal civilized measure of life's necessities. *See Farmer*, 511 U.S. at 834.

Finally, plaintiff seeks both damages and injunctive relief. But any injunctive relief claims are moot because plaintiff is no longer housed at the Indiana State Prison. If a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). Plaintiff is no longer confined at the Indiana State Prison, but rather at the Westville Control Unit; his request for injunctive relief against an Indiana State Prison official is therefore moot. *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990), *cert. denied* 501 U.S. 1208 (1991); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). It is possible that plaintiff could be transferred back to the Indiana State Prison, since an inmate can be relocated at any time. *See Sandin v. Conner*, 515 U.S. 472 (1995). But the mere possibility of re-transfer is insufficient. The standard here is whether he is "likely

to be retransferred," but plaintiff does not allege that he is "likely to be retransferred" to the Indiana State Prison.

For the foregoing reasons, the court:

(1) **GRANTS** plaintiff leave to proceed against defendants for damages in their personal capacities on his Eighth Amendment claim that they were deliberately indifferent to his safety;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1), **DISMISSES** all other claims ;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants on plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED.**

**Enter**: September 13, 2007

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT